**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

EDWARD VINCENT RAY, JR.,  No. 2:12-CV-2955-MCE-CMK-P

    Plaintiff,

  vs.  ORDER

JOHN DEFFENBAUGH, et al.,

    Defendants.

                                /

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants – all dentists at California State Prison, Solano: Deffenbaugh, Jennibeg, Zhang, and Cheung.  Plaintiff claims that, on December 4, 2008, defendant Cheung removed seven teeth but "failed and/or refused to put me on a special diet – soft food chrono so I could get food I could chew, and also failed to move me up on the urgent care medical list."  Next, plaintiff claims that, on October 9, 2009, he was examined by defendant Deffenbaugh and that he also failed to order a special diet soft food chrono.  Next, plaintiff claims that, on September 29, 2008, defendant Zhang examined him and failed to order a special diet.  Finally, plaintiff states that defendant Jennibeg examined him but he does not point to any problems with this treatment.

## II. DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

1   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

2   "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

3   801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

4   when two requirements are met: (1) objectively, the official's act or omission must be so serious

5   such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

6   subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

7   inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

8   official must have a "sufficiently culpable mind."  See id.

9           Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

10  injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

11  105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

12  health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

13  sufficiently serious if the failure to treat a prisoner's condition could result in further significant

14  injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

15  1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

16  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

17  is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

18  activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

19  Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

20          The requirement of deliberate indifference is less stringent in medical needs cases

21  than in other Eighth Amendment contexts because the responsibility to provide inmates with

22  medical care does not generally conflict with competing penological concerns.  See McGuckin,

23  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

24  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

25  1989).  The complete denial of medical attention may constitute deliberate indifference.  See

26  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

**Cheung** – Plaintiff alleges that he needed a special soft food chrono because he was unable to eat his food otherwise following extraction by defendant Cheung of seven teeth. According to plaintiff, defendant Cheung "failed and/or refused" to order such a chrono, or to place plaintiff on the urgent care list. To the extent it can be reasonably inferred from these allegations that defendant Cheung, having himself removed the seven teeth, knew plaintiff would have resulting special dietary needs, including the need for soft foods. Thus, it can also be reasonably inferred that these needs related to a serious medical issue – plaintiff's need to be able to eat. Reading plaintiff's complaint in the light most favorable to plaintiff, and reasonably construing the allegations in his favor and assuming them to be true, plaintiff may be able to prevail on an Eighth Amendment medical claim based on deliberate indifference by Cheung to plaintiff's serious medical need for a soft food diet following the teeth extraction.

**Deffenbaugh** – Plaintiff states that Deffenbaugh examined him and, knowing that he had no upper teeth, that Deffenbaugh nonetheless "refused" to order a soft food chrono. As with Cheung, the court can reasonably infer from these allegations that Deffenbaugh knew of plaintiff's serious medical need – a soft food chrono so he could eat following the teeth extractions – and that Deffenbaugh was deliberately indifferent to that need.

/ / /

/ / /

4

   **Zhang** – As to this defendant, plaintiff states that, after an examination, Zhang failed to order a special diet.  Again, construing the complaint liberally, plaintiff has stated a claim against Zhang.

   **Jennibeg** – Plaintiff states that this defendant examined him, but plaintiff does not assign any alleged wrongdoing.  It is unclear whether this is because Jennibeg was incorrectly named as a defendant, or because plaintiff's omission of any more specific factual allegations was the result of an oversight.  In any event, plaintiff will be provided an opportunity to amend.

### III.  CONCLUSION

   Because it is possible that the deficiencies identified in this order with respect to defendant Jennibeg  may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /

/ / /

/ / /

1	Because the complaint appears to otherwise state cognizable claims against
2	defendants Deffenbaugh, Cheung, and Zhang, if no amended complaint is filed within the time
3	allowed therefor, the court will issue findings and recommendations that Jennibeg be dismissed,
4	as well as such further orders as are necessary for service of process as to the remaining
5	defendants.
6	Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended
7	complaint within 30 days of the date of service of this order.

 DATED: January 23, 2013

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE