IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR., | No. 2:12-CV-2955-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JOHN DEFFENBAUGH, et al., | |
| Defendants. | |
| _____ / | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

On January 24, 2013, the court issued an order addressing plaintiff's complaint. The court summarized plaintiff's allegations as follows:

> Plaintiff names the following as defendants – all dentists at California State Prison, Solano: Deffenbaugh, Jennibeg, Zhang, and Cheung.  Plaintiff claims that, on December 4, 2008, defendant Cheung removed seven teeth but "failed and/or refused to put me on a special diet – soft food chrono so I could get food I could chew, and also failed to move me up on the urgent care medical list."  Next, plaintiff claims that, on October 9, 2009, he was examined by defendant Deffenbaugh and that he also failed to order a special diet soft food chrono.  Next, plaintiff claims that, on September 29, 2008, defendant Zhang examined him and failed to order a special diet.  Finally, plaintiff states that defendant Jennibeg examined him but he does not point to any problems with this treatment.

The court concluded that the complaint, read liberally, appeared to state cognizable claims against defendants Zhang, Deffenbaugh, and Cheung.  As to defendant Jennibeg, the court stated:

> **Jennibeg** – Plaintiff states that this defendant examined him, but plaintiff does not assign any alleged wrongdoing.  It is unclear whether this is because Jennibeg was incorrectly named as a defendant, or because plaintiff's omission of any more specific factual allegations was the result of an oversight.  In any event, plaintiff will be provided an opportunity to amend.

Plaintiff has not filed an amended complaint within the time provided in the January 24, 2013, order.  The court finds that it is now appropriate to dismiss Jennibeg as a defendant to this action for the reasons outlined above.  By separate order the court will direct service on the remaining defendants.

1       Based on the foregoing, the undersigned recommends that Jennibeg be dismissed as a defendant tot his action which shall proceed against defendants Deffenbaugh, Zhang, and Cheung only.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 13, 2013

                              /s/ Craig M. Kellison  
                              **CRAIG M. KELLISON**  
                              UNITED STATES MAGISTRATE JUDGE