IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR., | No. 2:12-cv-2955-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JOHN DEFFENBAUGH, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion (Doc. 25) to revoke plaintiff's in forma pauperis status.

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma

1

pauperis unless the imminent danger exception applies. Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

A review of the court's records reflects that plaintiff has had three or more cases dismissed as "strikes" under § 1915(g).[1]  Four such cases are:[2]

>   Ray v. Farrell, N.D. Cal. case no. 3:10-CV-0823-SI
>   Dismissed as legally frivolous.
>
>   Ray v. Bruiniers, N.D. Cal. case no. 3:10-CV-0824-SI
>   Dismissed as legally meritless.
>
>   Ray v. Basa, N.D. Cal. case no. 3:10-CV-0895-SI
>   Dismissed as legally frivolous.
>
>   Ray v. Friedlander, N.D. Cal. case no. 3:10-CV-1107-SI
>   Dismissed as legally frivolous.

Because plaintiff has had three or more cases dismissed as "strikes," defendants have met their burden of establishing that plaintiff is not entitled to in forma pauperis status for this case.

The court rejects plaintiff's argument that some or all of the above-cited cases do not count as "strikes." To the extent plaintiff believes that a prior action cannot count as a strike unless it is specifically filed and considered by the court as a 42 U.S.C. § 1983 civil rights action, plaintiff is incorrect. The plain language of § 1915(g) requires that the prior action need only be a civil action filed in a federal court by a prisoner.

Turning to whether the "imminent danger" exception applies, defendants argue that it does not because plaintiff does not allege that he is in imminent danger qualifying under

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of other court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

[2] In addition, the Ninth Circuit Court of Appeal summarily affirmed the district court's judgment in Ray v. Child Protective Services, 9th Cir. case no. 11-15752.

§ 1915(g). Specifically, defendants argue:

> Plaintiff is not eligible for Section 1915(g)'s imminent danger exception because nothing in his original complaint plausibly alleges that he faced imminent danger of serious physical injury at the time of filing. To the contrary, Plaintiff alleged that he received his upper denture plate on October 13, 2010, nearly two years before filing this action. (Citation to complaint omitted). Plaintiff also alleged that "he had to suffer the pain of trying to eat normal food until then," which indicates that receipt of his dentures extinguished any alleged danger or injury he faced as a result of not receiving a soft food diet. (Citations omitted). Thus, Plaintiff has not alleged a danger that was "ready to take place at the time of filing" and cannot satisfy the imminent danger exception in Section 1915(g).

Given plaintiff's allegations, the court agrees that the imminent danger exception does not apply in this case. See Andrews v. Cervantes, 493 F.3d 1047, 1054 (9th Cir. 2007) (holding that an imminent danger is one that was ready to take place at the time the original complaint was filed).

In his opposition, plaintiff argues that his injury was ongoing "the entire time." He also states that he waited almost two-and-a-half years to receive the denture plate he needed. Taken together, these statements support defendants' analysis that the time period during which plaintiff's alleged injury was "ongoing," as plaintiff states, began with the denial of a denture and ended when the denture was eventually provided in October 2010 – well before the filing date of the instant action. Thus, plaintiff's alleged injuries do not constitute an "imminent danger" that existed at the time the complaint was filed such as would merit an exception under 1915(g).

When in forma pauperis status is denied, revoked, or otherwise unavailable under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed. In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. See 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded

that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."

This conclusion is consistent with the conclusions reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

Based on the foregoing, the undersigned recommends that defendants' motion (Doc. 25) to revoke plaintiff's in forma pauperis status be granted and that this action be dismissed without prejudice to re-filing upon pre-payment of the filing fees.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2014

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE